**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **JPMORGAN CHASE BANK, N.A.** | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | |
| | § | |
| **DEREK & AMANDA WELLS REAL** | § | |
| **ESTATE, LLC; LEHMAN LOANS AND** | § | **CIVIL ACTION NO. 5:19-cv-00415** |
| **TRUST; CALEB GOLDMAN, AS** | § | |
| **TRUSTEE FOR THE 2009 MJB LOAN** | § | |
| **TRUST, 16T6-PS7 SERIES TRUST; and** | § | |
| **FIRST FRANKLIN LOANS AND** | § | |
| **TRUST,** | § | |
| *Defendants.* | § | |

---

**PLAINTIFF'S ORIGINAL COMPLAINT**

---

Plaintiff JPMorgan Chase Bank, N.A. ("Plaintiff" or "JPMC") files this Original Complaint and would respectfully show the Court as follows:

## I.   INTRODUCTION

This suit arises from a refinance loan in default and the work of bad actors, who recorded false and fraudulent instruments in the real property records to thwart or "hijack" legitimate foreclosure proceedings. JPMC holds a lien that secures a purchase-money refinance, which has long been in default; however, a series of frivolous suits, bankruptcies, and fraudulent recordings frustrated JPMC's attempts to foreclose and clouded JPMC's lien interest.

Arlando Jacobs, one such bad actor, targeted distressed properties like the subject property. Jacobs never had an interest in the borrowers' loan or JPMC's lien, and never had authority to act on behalf of JPMC. Nonetheless, he caused a series of documents to be recorded in the real property records to create the false appearance that JPMC's lien was foreclosed. Jacobs recently

pleaded guilty to conspiracy to commit wire fraud affecting a financial institution, 18 U.S.C. § 1349 in a criminal case captioned *U.S. v. Arlando Jacobs* in the Eastern District of Texas, Sherman Division. His plea encompasses the bad acts and property at issue in this case. JPMC files this lawsuit to correct the title issues caused by false and fraudulent instruments and obtain judicial confirmation regarding the validity of its first priority Deed of Trust.

## II.     PARTIES

1.      Plaintiff JPMC is a national association with its main office, as designated by its articles of association, in Columbus, Ohio. Accordingly, JPMC is a citizen of Ohio.

2.      Defendant Derek & Amanda Wells Real Estate, LLC ("D & A") is a limited liability company formed under the laws of Texas. The citizenship of a limited liability company is determined by the citizenship of its members. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). The members of D & A are Derek Wells and Amanda Wells, who are residents and citizens of Texas. D & A is, therefore, a citizen of Texas. Its registered agent is Derek D. Wells, who can be served at 3915 N. Bank Ct., Missouri City, Texas 77459. TEX. BUS. ORGS. CODE § 5.201.

3.      Defendant Lehman Loans and Trust ("Lehman Loans") is either a foreign, or possibly nonexistent,[1] entity doing business in Texas. Lehman Loans and Trust is not registered in Texas. *See* TEX. BUS. ORGS. CODE § 9.001(a). Lehman Loans does not have a registered agent in Texas. *See* TEX. BUS. ORGS. CODE. § 5.201. Therefore, service on Lehman Loans can be effectuated by service on the Secretary of State of Texas. *See* TEX. BUS. ORGS. CODE § 5.251(2)(B).

4.      Defendant Caleb Goldman, in his capacity as Trustee for 2009 MJB LOAN

---

[1] According to Exhibit A-17, First Franklin is a corporation organized and existing under the "laws of the United States of America," whose address is 7500 W Lake Mead Blvd, Suite 9-437, Las Vegas, NV, 89128, a mailbox at a UPS Store in Nevada.

TRUST, 16T6-PS7 SERIES TRUST ("2009 MJB Trust") may be served at 8201 S Peters Rd, Suite # 100, Plantation, Florida 33324, or wherever he may be found. "[W]hen a trustee is named as a defendant in a lawsuit, '[the] trustee is a real party to the controversy for purposes of diversity jurisdiction when he possesses certain customary powers to hold, manage, and dispose of assets for the benefit of others.'" *SGK Properties, L.L.C. v. U.S. Bank Natl. Assn. for Lehman Brothers Small Balance Com. Mortg. Pass-Through Certificates, Series 2007-3,* 881 F.3d 933, 940 (5th Cir. 2018), *cert. denied sub nom. SGK Properties, L.L.C. v. U.S. Bank Nat. Ass'n*, 139 S. Ct. 274 (2018) (citing *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 461, 100 S.Ct. 1779, 64 L.Ed.2d 425 (1980)). Goldman is an individual resident of Florida; accordingly, 2009 MJB Trust is a citizen of Florida.

5.      Defendant First Franklin Loans and Trust ("First Franklin") is either a foreign, or possibly nonexistent, entity doing business in Texas. First Franklin is not registered in Texas. *See* TEX. BUS. ORGS. CODE § 9.001(a). It does not have a registered agent in Texas. *See* TEX. BUS. ORGS. CODE. § 5.201. Therefore, service on First Franklin can be effectuated by service on Secretary of State of Texas. *See* TEX. BUS. ORGS. CODE § 5.251(2)(B).

### III.      JURISDICTION AND VENUE

6.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332. Complete diversity exists because JPMC is a citizen of Ohio, while D & A, Lehman Loans, 2009 MJB Trust, and First Franklin (collectively "Defendants") are citizens of Texas and Florida (or states other than Ohio). Moreover, the amount in controversy exceeds $75,000 because JPMC seeks to quiet title and further seeks declaratory relief pertaining to real property located at 6716 Spearwood, Live Oak, Texas 78233, the value of which is estimated to be $177,440 according to the Bexar County Appraisal District. When the right to property is in question, the value of the property determines the jurisdictional amount in controversy. *See Waller v. Prof'l Ins. Corp.*, 296 F.2d 545,

547-48 (5th Cir. 1961). Further, "[i]n actions seeking declaratory or injunctive relief the amount in controversy is measured by the value of the object of the litigation." *Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir. 1983). Thus, here the amount in controversy is $177,440 and, therefore, exceeds the jurisdictional floor.

7.      The Court has personal jurisdiction over Defendants because they are citizens and residents of Texas, or claim to have real property interests affecting Texas real estate. TEX. CIV. PRAC. & REM. CODE § 17.003.

8.      Venue is proper in this Court because it is the Court that encompasses the judicial district where all or a substantial portion of the events or omissions giving rise to this claim occurred. Specifically, the Property is located in Bexar County, Texas, and the offensive real property records were recorded in the Official Real Property Records of Bexar, Texas.

## IV.      FACTS

**A.      The Deed of Trust is a refinance of a purchase-money mortgage, and JPMC is the current mortgagee.**

9.      This case involves the real property and improvements located at 6716 Spearwood, Live Oak, Texas 78233, which are more particularly described as:

> Lot 33, Block 120, Woodcrest Subdivision Unit 14, in Bexar County, Texas, according to the Map or Plat recorded in Volume 9571, Pages 212-213, Deed and Plat Records of Bexar County, Texas

(the "Property").

10.      On or about October 5, 2007, Arthur Steven Reyna and Maria C. Reyna, Husband and Wife (the "Borrowers") took title to the Property under the Special Warranty with Vendor's Lien from KB Home Lone Star Inc., which was recorded in the Official Real Property Records of Bexar County, Texas on October 15, 2007 under Clerk's Number 20070244226, Vol. 13168, Page

1764. (Ex. A-1.)

11.     Also on or about October 5, 2007, the Borrowers executed a Deed of Trust granting a security interest in the Property to Countrywide KB Home Loans, a Countrywide Mortgage Ventures, LLC Series to secure a purchase-money loan in the original principal amount of $134,110 ("Purchase-Money Lien"). On or about October 15, 2007, the Purchase-Money Lien was recorded in the Bexar County real property records under document number 20070244227, Volume 13168, Page 1767. (Ex. A-2.)

12.     On or about February 7, 2009, the Borrowers executed a Deed of Trust granting a security interest in the Property to Mortgage Electronic Registration Systems, Inc., as nominee for Amerigroup Mortgage Corporation a Division of Mortgage Investors Corporation, its successors and assigns, ("MERS") in conjunction with a refinance of the Purchase-Money Lien (the "Deed of Trust," Ex. A-3). The Deed of Trust secured a Note in the original principal amount of $142,700. (Ex. A-4.) On or about October 15, 2007, the Deed of Trust was recorded in the Bexar County real property records under document number 20090028247, Volume 13862, Page 262.

13.     The Deed of Trust was a first priority lien that extended and renewed the Purchase-Money Lien.

14.     On May 3, 2012, a Corporate Assignment of Deed of Trust from MERS to JPMC was executed ("Assignment of Deed of Trust"). On May 18, 2012, the Assignment of Deed of Trust was recorded in the Bexar County real property records under document number 20120093108, Volume 15498, Page 548. (Ex. A-5.)

**B.     The homeowners association foreclosed an assessment lien and took title to the Property—subject to JPMC's Deed of Trust.**

15.     On or about September 2, 2011, Auburn Hill at Woodcrest Homeowners Association (the "HOA") caused a Notice of Assessment Lien to be recorded in the Bexar County

real property records under document number 20110158677. (<u>Ex. A-6</u>.)

16.     On or about September 5, 2012, the HOA recorded a Trustee's Deed Following Foreclosure (<u>Ex. A-7</u>) and Affidavit of Notice After Foreclosure Sale (<u>Ex. A-8</u>), which resulted in the HOA taking title to the Property—subject to the superior Deed of Trust.

**C.     A string of meritless suits hindered JPMC's attempts to foreclose.**

17.     In 2012, the first of three lawsuits was filed to delay foreclosure. These suits—all resolved in JPMC's favor on Federal Rule of Civil Procedure 12(b)(6) grounds—served as vehicles to obtain ex parte temporary restraining orders.

18.     On or about October 26, 2012, "Spearwood Trust" initiated Cause No. 2012-CI-17628 against JPMC in the 45th District Court of Bexar County Texas (the "First Suit"). The First Suit was removed to federal court and assigned Civil Action No. 5:12-cv-01074. JPMC filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), which was granted in full, disposing of the First Suit, on February 27, 2013.

19.     On or about May 16, 2013, the Special Warranty Deed from the HOA to 6716 Spearwood Trust was recorded in the Bexar County real property records under document number 20130098724, Volume 16111, Page 1637. (<u>Ex. A-9</u>.)

20.     On or about December 18, 2014, JPMC appointed W. A. Marty Lacouture or Carl Gilson as substitute trustees under the Deed of Trust.

21.     On or about December 30, 2014, 6716 Spearwood Trust filed suit against JPMC in the 407th District Court of Bexar County Texas, Cause No. 2014CI19999 (the "Second Suit"). In the Second Suit, 6716 Spearwood Trust acknowledged the validity of JPMC's lien but claimed it wanted an opportunity to exercise its equitable redemption rights and pay off the lien. An ex parte temporary restraining order was signed December 30, 2014. The Second Suit was removed to

federal court and assigned Cause No. 5:15-cv-01113; like the First Suit, the Second Suit was dismissed on Rule 12(b)(6) grounds. Attorney Wade Kricken represented 6716 Spearwood Trust in that action.

22.     On or about June 7, 2016, Mark Washington, as Trustee for 6716 Spearwood Trust, filed suit against JPMC in the 150th District Court of Bexar County, Texas under Cause No. 2016CI09539 (the "Third Suit"). Again, Wade Kricken represented Mark Washington, as Trustee for 6716 Spearwood Trust in that action. The Third Suit was removed to federal court and assigned Cause No. 5:16-cv-00639; JPMC filed a motion to dismiss on Rule 12(b)(6) grounds.

23.     On or about August 9, 2016, the Third Suit was dismissed with prejudice and judgment was entered in JPMC's favor.

**D.      6716 Spearwood Trust complicated an otherwise straightforward foreclosure with a series of deeds to bankrupts, forcing JPMC to seek relief from the bankruptcy stay.**

24.     To further delay JPMC's efforts to foreclose and force JPMC to seek relief in various bankruptcy courts as far flung as the Virgin Islands, a series of deeds from 6716 Spearwood Trust were executed to various bankrupts—each for a five or ten percent stake in the Property.

25.     On May 4, 2015, a document titled Special Warranty Deed from 6716 Spearwood Trust to Pacific Standard Holdings was recorded in the Bexar County real property records under document number 20150077102, Volume 17216, Page 1036. (Ex. A-10.) The document, dated December 19, 2014, purports to convey a ten percent interest in the Property to Pacific Standard Holdings and is signed by "Thomas Johnson," alleged "Agent" for 6716 Spearwood Trust.

26.     Pacific Standard Holdings had filed a Chapter 7 bankruptcy petition in the U.S. Bankruptcy Court, Eastern District of Texas under Cause No. 15-40039. The sole purpose of the partial transfer to Pacific Standard Holdings was to delay foreclosure via the automatic stay provisions. On July 14, 2015, JPMC filed a motion for relief from the automatic stay in Pacific

Standard Holdings' bankruptcy, which was granted on August 20, 2015 (Pacific Standard Bankruptcy, Dkt Nos. 39, 45 and 48.)

27.     On December 30, 2015, a second purported deed titled "Deed Without Warranty," was recorded in the Bexar County real property records under document number 20160256936, Volume 18286, Page 1446. The Deed Without Warranty, which identified "Amy Russell" as "Authorized Agent of the 6716 Spearwood Trust," as grantor, purported to convey a five percent interest in the Property to Mary Jill Baker, as grantee. (Ex. A-11.)

28.     On August 9, 2016—the same date the Third Suit was dismissed, Mary Jill Baker filed a Chapter 7 bankruptcy petition in the U.S. Bankruptcy Court, Eastern District of Texas under Cause No. 16-41428 ("Baker Bankruptcy"). On February 16, 2017, JPMC moved for relief from the automatic stay. The bankruptcy was dismissed on March 13, 2017 (Baker Bankruptcy, Dkt. No. 72).

29.     On May 1, 2017, a third purported deed titled "Special Warranty Deed," was recorded in the Bexar County real property records under document number 20170080820, Volume 18486, Page 475. This third purported deed identified "Ann Smith" as trustee for the 6716 Spearwood Trust, grantor, and purported to convey a five percent interest in the Property to Diane Celeste Shachove. (Ex. A-12.)

30.     Diane Celeste Shachove had a pending bankruptcy petition in the Bankruptcy Division of the U.S. District Court of the Virgin Islands, Cause No. 3:15-bk-30012-MFW ("Shachove Bankruptcy"), which had been filed August 29, 2015.

31.     JPMC filed a motion for relief from stay in the Shachove Bankruptcy on June 8, 2017, which was granted June 22, 2017. (Shachove Bankruptcy, Dkt Nos. 25, 30, and 32.)

E.   **Arlando Jacobs caused documents to be recorded, purporting to foreclose JPMC's Deed of Trust and to convey various interests in the Property free of JPMC's lien.**

32.     Although MERS had already assigned the Deed of Trust to JPMC in 2012, and JPMC owned the Loan, a document titled "Corporation [sic.] Assignment of Deed of Trust" which identified the grantor as "Mortgage Electronic Registraion [sic] Systems, Inc. as nominee for Amerigroup Mortgage Corporation a division of Mortgae [sic] Investors Corporation, its successors and assigns" and the grantee as Lehman Loans, dated April 11, 2017, was recorded on May 30, 2017 in the Bexar County real property records under document number 20170102221, Volume 18537, Page 1167. ("Fraudulent Assignment," Ex. A-13.)

33.     The purported signature of "Ashley P. Clegg" on the Fraudulent Assignment, as "Authorized Agent" for Mortgage Electronic Registraion [sic] Systems, Inc. as nominee for Amerigroup Mortgage Corporation a division of Mortgae [sic] Investors Corporation, its successors and assigns, is not Ms. Clegg's signature. The Fraudulent Assignment does not bear the MERS seal. The address to which the Fraudulent Assignment was to be returned after recording, 4302 Hollywood Blvd, Suite 260, Hollywood, Florida 33021, is the address for a mailbox at a UPS Store (the "Hollywood Florida Address").

34.     On May 30, 2017, a document titled "Appointment of Substitute Trustee" purportedly executed by "Alex Patton, Authorized Agent," on behalf of "LehmanLoans [sic.] and Trust" was recorded in the real property records of Bexar County under 20170102226, Volume 18537, Page 1174. ("Fraudulent Appointment," Ex. A-14.)   The Fraudulent Appointment purported to appoint, in relevant part, Brett Stevens as substitute trustee for Lehman Loans. The Fraudulent Appointment was to be returned following recording to the Hollywood Florida Address.

35.     On June 7, 2017, a document titled "Substitute Trustee's Deed" purportedly signed

by Brett Stevens as substitute trustee for Lehman Loans to 2009 MJB Trust, as grantee, was recorded in the real property records of Bexar County under 20170109646, Volume 18557, Page 1048. (Fraudulent Deed, Ex. A-15.)  A document titled "Affidavit of Completed Foreclosure" was recorded under document number 20170116308, Volume 18573, Page 1793 and purportedly signed by Adam Pacer. (Ex. A-16.)

36.     On June 7, 2017, a Deed of Trust granted by 2009 MJB Trust to First Franklin, purporting to create a lien against the Property was recorded in the real property records of Bexar County under instrument number 20170109660, Volume 18557, Page 1137. ("Fraudulent Deed of Trust," Ex. A-17.)

37.     On July 14, 2017, a document titled "General Warranty Deed with Vendor's Lien" purporting to convey fee simple title to the Property from 2009 MJB Trust, as grantor, to D & A, as grantee, was recorded in the real property records of Bexar County under 20170136387, Volume 18624, Page 574. (Wells Deed, Ex. A-18.)

38.     D & A granted a Deed of Trust, Security Agreement and Financial Statement in favor of Noble Capital Servicing, LLC, a Texas limited liability company, which was recorded in the real property records of Bexar County under instrument number 20170136388, Volume 18624, Page 577. But the Deed of Trust was subsequently assigned to Stewart Title Guaranty Company, who recorded a Release of Deed of Trust on March 13, 2018 under instrument number 20180046328, Volume 19032, Page 2453.

**F.     Arlando Jacobs admitted to having caused the Fraudulent Deed and Fraudulent Deed of Trust to be recorded.**

39.     The perpetrator of the Fraudulent Deed was Arlando Jacobs, who pleaded guilty to the forgery and stipulated that he caused the Fraudulent Deed to be recorded in the Official Real Property Records of Bexar County. (*See* Ex. B-1, Certified copy of the Factual Basis for the

Superseding Indictment in *U.S. v. Jacobs*, No. 4:17-cr-177-ALM in the U.S. District Court, Eastern District of Texas, Sherman Division; *see also* Exs. B-2 and B-3: Certified copy of Findings of Fact and Recommendation on Guilty Plea Before the United States Magistrate Judge and Certified copy of the Order Adopting United States Magistrate Judge's Report in *U.S. v. Jacobs*, No. 4:17-cr-177-ALM in the U.S. District Court, Eastern District of Texas, Sherman Division.)

40.    The Fraudulent Assignment, Fraudulent Appointment, Fraudulent Deed, Fraudulent Deed of Trust, and Wells Deed were part of Jacobs' scheme to defraud JPMC.

## V.    CAUSES OF ACTION

**A.    JPMC seeks to quiet title with respect to its valid and existing first priority lien.**

41.    JPMC incorporates foregoing paragraphs as if fully restated herein.

42.    The Fraudulent Assignment is not in the chain of assignments. As the Assignment of Deed of Trust from MERS to JPMC demonstrates, JPMC was the mortgagee of the Deed of Trust when the Fraudulent Assignment was executed—not MERS. Ex. A-5.

43.    In addition, the signature of Ashley Clegg on the Fraudulent Assignment was a forgery. Ms. Clegg, an employee of JPMC, did not authorize her signature to be placed on the Fraudulent Assignment. She has never executed documents in Florida and does not know the purported notary Moree Fong Yee. Accordingly, the Fraudulent Assignment did not pass a valid lien interest to Lehman Loan and Trust. *See Bellaire Kirkpatrick Joint Venture v. Loots,* 826 S.W.2d 205, 210 (Tex. App.—Ft. Worth 1992, writ denied) ("No title can be obtained even by an innocent party, under a deed which is forged.").

44.    Neither JPMC nor MERS authorized the Fraudulent Assignment to Lehman Loans, which in any event appears to be a nonexistent entity. Rather, Arlando Jacobs caused the Fraudulent Assignment, Fraudulent Appointment, and Fraudulent Deed to be recorded in the Bexar

County, Texas property records which allegedly extinguished JPMC's interests in the Property. The Fraudulent Deed that purports to grant title to 2009 MJB Trust appears to be a deed between two nonexistent entities. A deed to a grantee that does not exist is void. *See Lighthouse Church of Cloverleaf v. Texas Bank*, 889 S.W.2d 595, 600 (Tex. App.—Houston [14th Dist.] 1994, writ denied). Therefore, the Fraudulent Deed is void, invalid, and wholly unenforceable.

45.     Although Jacobs has no interest in the Loan or the Property, he created the appearance that the Deed of Trust had been foreclosed by causing the Fraudulent Assignment, Fraudulent Appointment, Fraudulent Deed, and Fraudulent Affidavit to be recorded in the Official Real Property Records of Bexar County, Texas.

46.     As of the date of this Complaint, JPMC has not conducted a foreclosure sale. Thus, JPMC still has a valid lien interest in the Property, which is evidenced by the Deed of Trust and Assignment.

47.     Jacobs caused the Fraudulent Deed of Trust, allegedly granting a lien on the Property to First Franklin to be recorded. The Fraudulent Deed of Trust is void because the underlying Fraudulent Deed was void and, therefore, 2009 MJB Trust had no lien interest to convey.

48.     The Wells Deed is likewise defective because it is under the Fraudulent Deed, which is void ab initio.

49.     JPMC's interest in the Property is affected by the Fraudulent Assignment, Fraudulent Appointment, Fraudulent Deed, and Fraudulent Affidavit.

50.     Further, the Wells Deed clouds JPMC's lien interest because it purports to be a conveyance under the Fraudulent Deed—free of JPMC's Deed of Trust.

51.     The claims under the Fraudulent Assignment, Fraudulent Appointment, Fraudulent

Deed, Fraudulent Affidavit, and the Wells Deed, are invalid or unenforceable.

52.     JPMC is entitled to a judgment quieting title with respect to the Fraudulent Deed, the Fraudulent Deed of Trust, and the Wells Deed.

**B.     JPMC seeks declaratory judgment as to (1) the first lien status of JPMC's Deed of Trust and (2) the invalidity of the Fraudulent Assignment, Fraudulent Appointment, Fraudulent Deed, Fraudulent Affidavit, and the Wells Deed.**

53.     JPMC incorporates by reference each and every allegation set forth above.

54.     JPMC brings a claim for declaratory judgment under Federal Rule of Civil Procedure 57 and 28 U.S.C. §§ 2201 and 2202. Under 28 U.S.C. § 2201, the Court "may declare the rights and other legal relations of" JPMC and Defendants under the Deed of Trust "whether or not further relief is or could be sought."

55.     There exists a justiciable controversy as to title and lien interests.  *See Bauer v. Texas*, 341 F.3d 352, 357-58 (5th Cir. 2003); *Lawson v. Callahan*, 111 F.3d 403, 405 (5th Cir. 1997).

56.     Specifically, JPMC requests a declaration that it has a first priority lien on the Property by virtue of the Deed of Trust and Assignment.

57.     Additionally, JPMC is entitled to a judgment declaring the Fraudulent Deed, the Fraudulent Deed of Trust, and the Wells Deed void ab initio, unenforceable, and invalid.

58.     JPMC further requests a declaration that it has a valid and enforceable first priority lien evidenced by the Deed of Trust and Assignment.

## VI.     PRAYER FOR RELIEF

Plaintiff JPMC prays for judgment as follows:

(a)     an order quieting title and removing as a cloud on JPMC's Deed of Trust (1) the Fraudulent Assignment, (2) the Fraudulent Appointment, (3) the Fraudulent Deed, (4) the Fraudulent Affidavit, and (5) the Wells Deed;

(b)     declaratory judgment providing:

    i.    that the Fraudulent Assignment, Fraudulent Appointment, Fraudulent Deed, Fraudulent Affidavit, and the Wells Deed are void ab initio, invalid, and wholly unenforceable;

    ii.    that JPMC has a valid and enforceable lien evidenced by the Deed of Trust and Assignment to JPMC;

    iii.    that Defendants have no interest in the Property; and

(c)     all other appropriate relief, both in law and in equity.

Respectfully submitted,

*/s/ Wm. Lance Lewis*

WM. LANCE LEWIS
Texas Bar No. 12314560
RACHEL LEE HYTKEN
Texas Bar No. 24072163
**QUILLING, SELANDER, LOWNDS,
   WINSLETT & MOSER, P.C.**
2001 Bryan Street, Suite 1800
Dallas, Texas  75201
(214) 871-2100 (Telephone)
(214) 871-2111 (Facsimile)
llewis@qslwm.com
rhytken@qslwm.com

**ATTORNEYS FOR PLAINTIFF
JPMORGAN CHASE BANK, N.A.**